## FLETCHER v. NEW YORK LIFE INS. CO.[*]

*(Circuit Court, E. D. Missouri. September 23, 1882.)*

**1. CORPORATIONS—AGENT—ACTS, WHEN BINDING.**

Corporations are held to whatever is within the apparent scope of their agents' powers, unless parties with whom such agents contract have notice that their powers are limited.

**2. INSURANCE—APPLICATION—FRAUD.**

Where a party desiring insurance upon his life signed an application which contained an agreement that the statements and representations therein should be the basis of the contract, and warranted their fullness: and which also contained an agreement that no statements, representations, or information made or given by or to the person soliciting or taking his application for a policy, or to any other person, should be binding on the company, or in any manner affect its rights, unless such statements, representations, or information were reduced to writing and presented to the officers of the company, at its home office; and where such application contained two false answers material to the risk, which had been written therein by the agent of the company who examined the applicant and took his application: *held*, that no suit could be maintained on the policy in case of the assured's death unless it were proved that the assured's answers to the questions to which false answers had been inserted, were true; that the false answers had been inserted by the company's agent without the assured's knowledge; and that such agent concealed from the assured what he had written in the application, and induced him to sign it without knowing what it contained.

**3. SAME.**

Parol evidence is admissible in such cases to show fraud on the agent's part.

**4. SAME—CONCEALMENT OF AGENT'S FRAUD.**

Where an applicant for insurance discovers before the policy is issued, or the first premium paid, that the company's agent has obtained his signature to an application containing false answers, it is his duty to go no further in the transaction; but if he does not make the discovery until after the policy has been issued and the first premium paid, he is not bound to take any steps to have the policy canceled.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

Suit upon a policy of insurance upon the life of C. S. Alford, deceased, by his executor, Thomas C. Fletcher, for $10,000 and interest. A new trial having been granted therein, (see 12 FED. REP. 557,) this case was a second time tried before a jury. Evidence having been introduced by the defendant tending to prove that two answers, contained in Mr. Alford's application for insurance, were false, the plaintiff offered parol evidence, which was admitted, tending to prove that the applicant's answer had been true; that the false answers had been inserted without his knowledge by the agent who took the application; that the applicant signed the application, supposing it contained his answers as given; and that his signature thereto was obtained by the company's agent by fraud. For a report of the first trial see 11 FED. REP. 377. For a report of opinion on demurrer to the replication see 13 FED. REP. 526.

*George D. Reynolds,* for plaintiff.

*Overall & Judson,* for defendant.

McCRARY, C. J., (*orally.*) The principal facts in this case are not disputed. The matters for your consideration will fall within a very narrow compass. It is therefore not necessary that the court should charge you at any great length.

It is admitted that this policy of insurance was executed by the defendant company; that it was a policy upon the life of Chinonda S. Alford; that Mr. Alford died, having paid his premiums up to the time of his death; that the plaintiff here is his executor, and is entitled to recover, if a case has been made out upon the contract. The defense is that the applicant for insurance, Mr. Alford, at the time of making his application, made certain statements in writing, in the application, which were untrue and which were material.

It is said that he represented to the agent of the company that he never had any disease of the kidneys; that he represented that he never had an attending physician; that in all respects his application was untrue; and, these being material matters, it is claimed that the contract based upon them is void. In answer to this, it is said that, although there is a writing containing these representations, and although it is signed by the assured, Mr. Alford, yet that writing was obtained from him by fraud on the part of the agent of the insurance company. The law is that an insurance company, like any other person, natural or artificial, may appoint an agent, and may put limitations upon the powers of the agent, provided knowledge or notice of these limitations be brought home to the party with whom the agent contracts; otherwise the principal—in this case the insurance

company—is held to whatever is the apparent scope of the agent's authority. This doctrine is invoked here, and is applicable to a certain extent, and only to a certain extent. There is a limitation in this contract upon the power of the insurance agent. The company is not to be bound by any representations made to or by the agent, unless these representations are put in writing and submitted to the company. Therefore, what is contained in this application, although the answers were not truly recorded, would be regarded as constituting the basis of this contract, unless it can be avoided for fraud. Consequently the question for you to determine is whether there was a fraud in the procuring of this policy of insurance by the agent of the insurance company; and upon that subject I will state what I understand to be the correct rule. If the jury find from the evidence that at the time of making the application Mr. Alford told the agent of the defendant that he, Alford, had had *diabetes*, and referred him to his physician concerning it, and that such agent committed a fraud upon Mr. Alford by inserting false answers in the application and suppressing the answers actually given, and by concealing from him what he, the agent, had written in the application, thereby inducing him to sign said application without knowing what it contained, then the plaintiff is not estopped to recover.

You will see, gentlemen, that there are two things to be shown: *First*, that the assured, Mr. Alford, made true representations with regard to this matter of his having had a disease, and his having had an attending physician; *secondly*, it must appear that the agent of the company, for the purpose of inducing him to insure, for the purpose of obtaining from him the premium which he was to pay, falsely inserted in the application answers which he did not give; and then it must also be shown that Mr. Alford signed the application in ignorance of the fact that his answers had not been truly recorded in it.

If all these appear, then there is a case of fraud established. The burden of proving fraud is upon the plaintiff. The presumption is that the paper which was signed by Alford contained his true answers, and that presumption must be overcome by proof offered here by the plaintiff. I think that is really the only question that there is for your consideration—the question of fraud.

There is another point made by counsel which deserves notice. If the plaintiff ascertained before the contract was consummated that this fraud had been practiced upon him by the agent, it was his duty then to stop and to go no farther; that is, if at any time before

the policy was delivered to him, and the first premium was paid, he discovered that the agent had committed a fraud upon him and upon the company, because it was a fraud both upon the assured and the company, then it was his duty to stop, and to decline to go any further with the transaction. But I think if he did not discover before the policy was delivered and the first premium paid, that he was not called upon after that to take any steps for the cancellation of the contract. The defendant has tendered here in open court the sum of $888.26. You will, in any event, return a verdict for that amount. The court will make such order with regard to costs as may be considered right, after you have returned your verdict, if you give no more than that.

The question for you to determine is whether the whole amount of this policy is due, or whether your verdict is to be only for the amount tendered, which is $888.26. If you find for the plaintiff in the whole amount, you will give him interest at the rate of 6 per cent. per annum from 60 days after the date when the proof was filed, and that date is the fourteenth of December, 1880, so that interest would begin to run from the fourteenth of February, 1881. You will have to bear in mind these dates.

Your verdict, therefore, will either be for the sum of $888.26, or for the amount of the policy, with interest from February 14, 1881.

The jury rendered a verdict for plaintiff for the amount of the policy, with interest, and the defendant thereupon took an appeal to the supreme court.